Electronically Filed
Intermediate Court of Appeals
30128
18-JUL-2013
07:58 AM

NO. 30128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYMOND JOHN BOOTS, JR., Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR. NO. 08-1-0182)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Raymond John Boots, Jr. (**Boots**) appeals from the Family Court of the Third Circuit's (**Family Court**) Amended Judgment of Conviction and Sentence, filed October 27, 2009.[1]  Boots was charged with and convicted of Abuse of a Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906 (Supp. 2012).[2]  Boots was sentenced to

---

[1]    The Honorable Lloyd Van De Car presided.

[2]    HRS § 709-906 states in relevant part:

§709-906 **Abuse of family or household members; penalty.**  (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4).

.  .  .

.(5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:

(continued...)

two days in jail and two years of probation, in addition to fees. This timely appeal followed.

Boots raises three points on appeal: (1) the Family Court lacked substantial evidence to support the conclusion that Jazmin Boots's (**Jazmin**) physical intervention in the argument between Boots and Janice Boots (**Janice**) was "not unlawful force"; (2) the Family Court erred by holding that Boots could not rely on a self-defense claim; and (3) Boots was denied effective assistance of counsel because his trial counsel (**Trial Counsel**) did not challenge Jazmin's perception of the events by introducing evidence or eliciting testimony related to her mental health and medication history and for failing to call Jinjer Boots (**Jinjer**) as a witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Boots's contentions as follows:

(1) Unlawful force is

> force which is employed without the consent of the person against whom it is directed and the employment of which constitutes an offense <u>or would constitute an offense except for a defense not amounting to a justification to use the force</u>. Assent constitutes consent, within the meaning of this section, whether or not it otherwise is legally effective, except assent to the infliction of death or serious or substantial bodily injury.

HRS § 703-300 (1993) (emphasis added). Therefore, an actor's use of force is "not unlawful" if she has a defense amounting to a

_____

2/ (...continued)
>       (a) For the first offense the person shall serve a minimum jail sentence of forty-eight hours; and
>       (b) For a second offense that occurs within one year of the first conviction, the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days.

> Upon conviction and sentencing of the defendant, the court shall order that the defendant immediately be incarcerated to serve the mandatory minimum sentence imposed; provided that the defendant may be admitted to bail pending appeal pursuant to chapter 804. The court may stay the imposition of the sentence if special circumstances exist.

>       . . . .

justification to the use of force. See HRS § 703-301 (1993); HRS § 703-300. One such justification is the use of force for the protection of others,[3] as provided in HRS § 703-305(1):

> [T]he use of force upon or toward the person of another is justifiable to protect a third person when: (a) Under the circumstances as the actor believes[4] them to be, the person whom the actor seeks to protect would be justified in using such protective force; and (b) The actor believes that the actor's intervention is necessary for the protection of the other person.

(Footnote added.) The attendant circumstances when determining whether this type of justification applies "must be viewed from a subjective point of view, that is, as the [actor] believes them to be." State v. Pavao, 81 Hawai'i 142, 145, 913 P.2d 553, 556 (App. 1996) (citing HRS § 703-305; quotation marks and brackets omitted).

Boots correctly notes that Jazmin did not explicitly testify that she intervened in her parents' argument in order to protect Janice. However, substantial evidence exists to support the Family Court's conclusion that Jazmin's use of force was "not unlawful." The Family Court, as trier of fact, was "free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted). Jazmin testified that: (1) she heard her parents arguing in her sisters' room; (2) she heard a "thud," followed by her sisters screaming; and (3) upon arriving at her sisters' room, Jazmin saw Janice on the floor and her two sisters pushing Boots. From this testimony, the Family Court could have reasonably inferred that Jazmin believed that Boots had pushed or otherwise harmed Janice.

---

[3] Although the use of force is also justifiable for self-protection, see HRS § 703-304 (1993 & Supp. 2011), there is no indication that, prior to Jazmin's use of force, she "believe[d] that such force [was] immediately necessary for the purpose of protecting [herself] against the use of unlawful force" by Boots. Id.

[4] Under HRS Chapter 703, "'[b]elieves' means reasonably believes." HRS § 703-300.

This inference would provide substantial evidence to support the Family Court's conclusion that Jazmin's force was not unlawful, as Jazmin could have reasonably believed that Janice herself would be justified in using force to protect herself, and that Jazmin's intervention was necessary to protect Janice. See HRS §§ 703-305(1)(a) and 703-305(1)(b). Accordingly, there was substantial evidence to support the Family Court's conclusion that Jazmin's use of force was not unlawful.

(2) Justification, including self-protection, is a defense in a prosecution for an offense. HRS § 703-301. HRS § 703-304(1) provides for the justifiable use of force for self-protection: "[T]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion." When deciding whether a defendant's use of force is justified as self-defense, courts must view the situation from the point of view of the defendant. State v. Straub, 9 Haw. App. 435, 445, 843 P.2d 1389, 1394 (1993) (citation omitted). Once evidence of justification has been adduced, the prosecution bears the burden of disproving it beyond a reasonable doubt. State v. Culkin, 97 Hawai'i 206, 215, 35 P.3d 233, 242 (2001) (citing HRS § 702-205(b) (1993)).

In this case, Boots did not testify or present other evidence that he believed that force was necessary to protect himself against unlawful force employed by Jazmin. Instead, Boots flatly denied striking Jazmin. When asked whether he had touched Jazmin on the day of the incident, Boots responded: "I did not. I didn't hit her. I didn't shove her. I didn't hold her against the wall. No."

Because Boots did not proffer any evidence supporting that he reasonably believed force was necessary to protect himself against what he perceived as Jazmin's unlawful force, he

4

failed to present a self-protection defense.  Although it is clear that the Family Court considered a defense of self-protection, evidence supporting such a defense was not presented, nor did Boots actually rely on such an argument below.[5/]  There is no merit in Boots's argument that the Family Court erred in rejecting self-defense as a justification.

(3)  It is well-established that

> When an ineffective assistance of counsel claim is raised, the defendant has the burden of establishing:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

State v. Jones, 96 Hawai'i 161, 166, 29 P.3d 351, 356 (2001) (citation omitted).

Boots posits that Trial Counsel was ineffective because she did not cross-examine Jazmin regarding her bipolar disorder and the fact that she was not taking medication at the time of the incident.  The decision to conduct cross-examination and the nature of its questioning is generally the province of counsel as a strategic decision.  State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998).  In addition, Boots has not carried his burden of establishing that Trial Counsel's failure to make the inquiries he desired reflected her lack of skill, judgment, or diligence, or how such an omission resulted in the withdrawal or substantial impairment of a potentially meritorious defense.  See State v. Higa, 126 Hawai'i 247, 260-61, 269 P.3d 782, 795-96 (App. 2012).

Boots cites authority describing the possible symptoms of bipolar disorder, including the impairment of cognitive and

---

[5/]     Boots's defense at trial was that he did not strike Jazmin and that her injuries occurred as a result of Jazmin scraping her back against a light switch. As a result of Boots's failure to properly present a theory of self-protection, the prosecution was not required to disprove such a defense. See Culkin, 97 Hawai'i at 215, 35 P.3d at 242 ("Self-defense is not an affirmative defense, and the prosecution has the burden of disproving it once evidence of justification has been adduced." (citations omitted)).

behavioral functions. See Agyeman v. I.N.S., 296 F.3d 871, 881 (9th Cir. 2002) (citing Paul E. Keck, Jr., et al., Bipolar Disorder, 85 The Medical Clinics of North America 645 (2001)). However, there is nothing on the record to indicate that the type of bipolar disorder Jazmin was allegedly diagnosed with impaired her ability to perceive the events to which she testified to or her ability to tell the truth. Boots cannot simply rely on general propositions related to mental illness and drug use in support of the proposition that such ailments may impair one's ability to perceive or recollect events. See, e.g., United States v. George, 532 F.3d 933, 937 (D.C. Cir. 2008) (citing United States v. Butt, 955 F.2d 77, 82-83 (1st Cir. 1992)). Though they may affect a person with a mental illness in those areas, there is no evidence that Jazmin was affected in such a way at the time of the incident or at trial. Consequently, Boots has not shown how the lack of cross-examination with regard to Jazmin's medical history was a withdrawal or substantial impairment of a potentially meritorious defense.

Boots also claims that he was denied effective assistance of counsel when Trial Counsel failed to present Jinjer's testimony. Like his argument regarding Jazmin's medical history, Boots fails to carry his burden of establishing that he was denied effective assistance of counsel. See Higa, 126 Hawai'i at 260-61, 269 P.3d at 795-96. It is widely acknowledged that "[t]he decision whether to call witnesses in a criminal case is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight." Richie, 88 Hawai'i at 40, 960 P.2d at 1248 (quoting State v. Aplaca, 74 Haw. 54, 70, 837 P.2d 1298, 1307 (1992)). Boots has failed to obtain supporting affidavits or sworn statements describing the testimony of Jinjer. See Richie, 88 Hawai'i at 39, 960 P.2d at 1247. This failure is fatal to Boots's ineffective assistance claim. Id. ("Inasmuch as [the

6

defendant] has not supported his ineffective claim with affidavits or sworn statements, his claim fails."); see also State v. Reed, 77 Hawaiʻi 72, 84, 881 P.2d 1218, 1230 (1994) overruled on other grounds by State v. Balanza, 93 Hawaiʻi 279, 1 P.3d 281 (2000) (holding that without the supporting affidavits or sworn statements, the defendant's characterization of the witnesses' potential testimony "amounts to nothing more than speculation"). Therefore, Boots's ineffective assistance of counsel claims are without merit.

For these reasons, we affirm the Family Court's October 27, 2009 Amended Judgment of Conviction and Sentence.

DATED: Honolulu, Hawaiʻi, July 18, 2013.

On the briefs:

Robert K. Allen
for Defendant-Appellant

Shaunda A.K. Liu
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge